U.S. DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **COMMONWEALTH OF PUERTO RICO TREASURY DEPARTMENT,**<br><br>   PLAINTIFF<br><br>       vs.<br><br>**OPG TECHNOLOGY CORP.,**<br><br>   DEFENDANT | CIVIL NO. 15-_____ (___) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, Commonwealth of Puerto Rico Treasury Department (hereinafter "PRTD" or "Plaintiff"), through the undersigned attorneys, and for its complaint for declaratory judgment and injunctive relief against the above named Defendants, very respectfully states, alleges and prays as follows:

### I.   NATURE OF THE ACTION:

1. Plaintiff PRTD seeks a declaratory judgment of non-infringement of alleged copyright(s) asserted against Plaintiff by Defendant OPG Technology, Corp.

2. OPG Technology, Corp. has asserted that PRTD is infringing OPG's alleged intellectual property rights in two (2) copyrights by requesting proposals for the development and implementation of an online distribution system for PRTD's internal revenue stamps and seals and the distribution of the same. PRTD denies that it has infringed any and all copyrights owned by OPG Technology, Corp.

### II.   JURISDICTION AND VENUE:

3. This is an action for declaratory judgment arising under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); and (iv) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Defendant OPG Technology Corp. is subject to the personal jurisdiction of this Court because the Defendant regularly maintains an office and registered agent in the Commonwealth of Puerto Rico and, therefore, is continuously present in this jurisdiction. In addition, its false assertions of infringement of alleged copyrights were directed to the Plaintiff in the Commonwealth of Puerto Rico. Thus, this Court has both general and specific personal jurisdiction over Northwest.

5. Venue of this action is proper in the district of Puerto Rico pursuant to 28 U.S.C. § 1391(b)(1) and (2) inasmuch as OPG Technology Corp. is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2). In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the district of Puerto Rico.

6. This court has supplemental jurisdiction over state law claims asserted herein pursuant to the provisions of 28 U.S.C. §1367(a).

### III.   PARTIES:

7. PRTD is a governmental agency of the Commonwealth of Puerto Rico responsible for the interpretation and enforcement of the Puerto Rico Internal Revenue Code, and collections of monies as required by the statutory provisions thereunder.

8. OPG Technology Corp. is a legal entity organized and existing in accordance with the laws of the Commonwealth of Puerto Rico, and has its principal place of business located within this jurisdiction as well.

## IV. FACTUAL PREDICATES:

9. PR Act. No. 33 of December 10, 1999[1], as amended ("Act No. 331" or the "Electronic Stamps Act"), authorized the Secretary of the PRTD to negotiate and execute contracts for the design, development, implementation and operation of an on-line system for the production, verification and cancellation of internal revenue stamps and vouchers.

10. In accordance with the powers conferred to the Secretary of the PRTD, sometime during January, 2007, PRTD and OPG Technology Corp. began negotiations for the design, development, implementation and operation of an on-line system for the production, verification and cancellation of internal revenue stamps and voucher system.

11. The PRTD required that the on-line system comply with PRTD's Regulation Number 59 approved on October 23, 2001, and the printing specifications set forth on PRTD Circular Letter No. 1300-07-07.

12. On November 16, 2007, the PRTD and OPG executed a Sales Agency Agreement whereby OPG was appointed as PRTD's agent to sell internal revenue stamps and vouchers by users utilizing the System.

13. Pursuant to the terms of the Agency Agreement, "Stamps and Vouchers" referred to "… the Puerto Rico internal revenue stamps and vouchers, meeting security and

---

[1] § 311. Agencies for sale of internal revenue stamps

The Secretary of the Treasury is hereby authorized to designate agents for the sale of internal revenue stamps and any other securities or vouchers that the Secretary of the Treasury sells as provided by law, which, in his judgment are required by the needs of the public. 13 LPRA § 311.

3

other requirements set forth in the Agency Agreement, which may be purchased and printed by Users utilizing the System".

14. As per the terms of the Agency Agreement, "System" was defined as "… the system developed, owned and operated by the AGENT and approved by the Secretary[2], for the sale and delivery of Stamps and Vouchers over the Internet, which includes programming tools, utilities, modules, software and hardware." The Sales Agency Agreement was re-executed on July 3, 2008, and again on July 1, 2009.

15. Sometime during 2009, OPG presented the "Internet Voucher and Tax Stamp Proposal-SellosyComprobantes.com" to the PRTD, which contemplated the expansion of the System in several phases, and the same was designed to provide the PRTD with a tool to help the Agency improve the on-line services, reduce its expenditures and increase its revenues.

16. On March 17, 2010, PRTD and OPG executed a First Amendment and Extension of Contract to Contract No, 2010-000003, hereinafter referred to as the "First Amendment".

17. On April 6. 2011, PRTD and OPG executed a Second Amendment to and Extension of the Contract between the Department of the Treasury and OPG technology Corp. for the Design, Development, Implementation, and Operation of an On-line Production, Verification and Cancellation of Internal Revenue Stamps and Voucher System, hereinafter referred to as the "Second Amendment".

---

[2] Secretary refers to the Secretary of the Department of the Treasury of the Commonwealth of Puerto Rico or his authorized representative.

18. Pursuant to the terms of the "Second Amendment", specifically Section 22.23 titled Termination by Convenience, provided as follows: "Commencing at the end of the twelve (12) full months from the date of the signing of the Second Amendment, the DEPARTMENT shall have the right at any time to terminate this Contract after giving in advance ninety (90) days written notice thereof to the AGENT".

19. On February 15, 2012, PRTD and OPG executed a Third Amendment to and Extension of the Contract Between the Department of the Treasury and OPG Technology Corp. for the Design, Development, Implementation, and Operation of an On-line Production, Verification and Cancellation of Internal Revenue Stamps and Voucher System, hereinafter the "Third Amendment". Pursuant to the terms of the "Third Amendment", the contract was set to expire on June 30, 2015.

20. On July 1, 2015, PRTD and OPG executed the final Agreement for the Operation of an On-line Production, Verification and Cancellation of Internal Revenue Stamps and Voucher System, hereinafter referred to as the "Final Agreement". According to its express terms, the "Final Agreement" would remain in effect until March 31, 2016.

21. Pursuant to the terms of the "Final Agreement", specifically Section 3.2(l), OPG, in its capacity of Agent, acknowledged that the PRTD was contractually authorized "… to at any time, take control of the Printable Materials by engaging, on its own behalf, the manufacture of said Printable Materials and maintaining custody of the Printable Materials". In such event, the DEPARTMENT shall either:

    i. Timely furnish the AGENT with sufficient inventory of the Printable Materials to satisfy the average Customer demand for a period of one week, provided

    that, the AGENT will be responsible for distributing Printable Materials to Customers; or

  ii. Assume responsibility of the distribution of the Printable Materials to Customers and Customers, provided that, in order to assume this responsibility, the DEPARTMENT shall have developed a distribution system that equals or exceeds the AGENT's distribution capabilities.

  22. The "Final Agreement" also established a "Phase Out Process" which recognized that "…all duties contracted to AGENT will be assumed by the DEPARTMENT. As such, during the tenure of this agreement, Agent will undertake a detailed transition - phase-out process detailing the steps to be taken to insure the transition by the Agent to the Department of the duties and services involved in this agreement".

  23. In preparation for the phase out process and termination of OPG's contract, which becomes effective on March 31, 2016, on or about November 6, 2015, the PRTD issued a Request for Sealed Proposals for the Contracting of Providers of Security Papers for Stamps and Vouchers and Related Services.

  24. On November 13, 2105,  a mandatory pre-bid meeting was held by the PRTD as part of the Request for Proposal procedures. At that time, the participants were shown the proposed design and/or an exemplar of the printable material for the stamps and vouchers, as designed the PRTD (the "Proposed Design").

  25. The Proposed Design shown during the pre-bid meeting of November 13, 2015, contains all of the mandatory components traditionally required by the PRTD in all of the Circular Letters it has issued during the last eight (8) years, to wit,  1300-30-08, 1300-46-08, 1300-02-11, 130-02-13 and 1300-10-14. Moreover, as it will be shown below, the Proposed Design is significantly different in color, format, and design scheme from the printable

6

materials utilized by OPG Technology Corp. during the term of their contractual arrangement with PRTD.

## V. DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY:

26. Plaintiff re-avers and re-states the foregoing Paragraphs 1-25 inclusively as if fully set forth herein.

27. On November 25, 2015, OPG Technology Corp., through their legal counsel, Atty. César Alcover Acosta, sent a formal notice of copyright infringement to the PRTD's Secretary, Hon. Juan C. Zaragoza Gomez, whereby it formally accused the PRTD of infringing two (2) copyrights owned by OPG.

28. According to OPG's formal notice of alleged infringement, the proposed design of the printable material printed utilized at the pre-bid meeting represents a replica or work which is very similar to the graphic design, Registration Number VA-1-977-284, which was registered by OPG with the U.S. Copyright Office on or about May 13, 2015. The graphic design which was submitted to the U.S. Copyright Office and registered by OPG has not been provided to the PRTD.

29. Specifically, the printable materials produced and distributed by OPG are comprised of a small square next to a larger rectangle, with a light yellow color as background, and including the word "receipt" in the top and on the right side of the larger rectangle in a light orange color as well as on the left side of the larger rectangle in red color. It has no images or designs. *See* Exhibit 1.

30. The Proposed Design is comprised of a small rectangle next to a larger rectangle, in a dark, mustard yellow color, with the word "receipt" included in the top and on the right and left sides of the larger rectangle in black color. It has a depiction of a collage

7

of iconic Puerto Rican symbols in the background of the design, which include the Morro's lookout, the poppy flower and the Puerto Rico flag. None of these elements are used or shown in the printable materials produced and distributed by OPG. *See* Exhibit 2.

31.     From a mere glance, the only two similarities between the printable materials produced and distributed by OPG and the Proposed Design are: (1) a small rectangle next to a larger rectangle and (2) the use of the word "receipt" in various places within the larger rectangle.

32.     Additionally, the formal notice of alleged copyright infringement asserts that there has been an unlawful copying of the software "Sellos y Comprobantes Online System" and its components, all of which were allegedly registered with the U.S. Copyright Office on December 31, 2014, Registration Number  TX 7-952-177.

33.     In its formal notice of copyright infringement, OPG falsely claims that they have received information that confirms that the PRTD has requested that a subcontractor copy their proprietary software for the printing of digital tax stamps and vouchers, when in reality, neither the PRTD nor its prospective subcontractors, have had access to OPG's software.

34.     Pursuant to its formal notice of copyright infringement, OPG demands that the PRTD and all parties included therein, to  "(A) cease and desist the unlawful copying of the "Sellos & Comprobantes" Online System and its components, which includes all of the designs of printable materials created, designed and engineered by OPG in the last eight (8) years and; (B) provide OPG with prompt written assurance within ten (10) days that you will cease and desist from further infringing OPG's copyrighted works".

35.     There presently exists a justiciable controversy regarding the Plaintiff's right to solicit proposals from third parties to be providers of printable materials to be utilized for

the online sale, distribution and cancellation of internal revenue stamps and vouchers free of any allegation by Northwest that such conduct constitutes an infringement of any copyright rights allegedly owned by OPG Technology Corp.

### VI.   FIRST CLAIM FOR RELIEF:
### (Invalidity of Copyright)

36.   Plaintiff re-avers and re-states the foregoing Paragraphs 1-35 inclusively as if fully set forth herein.

37.   This is a declaratory judgment action under the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). An actual justiciable controversy exists by way of the demand to cease and desist from the alleged unlawful copying of the "Sellos & Comprobantes" Online System and its components, which includes all of the designs of printable materials created, designed and engineered by OPG and  OPG's demand that they be provided with prompt written assurance within ten (10) days that PRTD  will cease and desist from further infringing OPG's copyrighted works; as well as the potential threat of immediate litigation which would affect the operation of the PRTD's online sale and distribution of internal revenue stamps and vouchers. Given the foregoing, Plaintiff seeks relief from this Court.

38.   Plaintiff requests an order declaring that the alleged copyright(s) asserted by the Defendant in the form of software and a graphic design for internal revenue stamps and vouchers, are invalid and unenforceable for, *inter alia*, the following not all-inclusive reasons:

(a)   an absence of sufficient creativity and originality to be entitled to copyright protection or registration; and

(b)   the stamps and vouchers merely consist of a combination of known elements,

components, depictions and/or shapes, all of which are in the public domain, and are not entitled to copyright protection or registration.

### VII.   SECOND CLAIM FOR RELIEF:
### (Non-Infringement of Copyright)

39.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-38 inclusively as if fully set forth herein.

40.     This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). An actual justiciable controversy exists by way of the demand to cease and desist unlawful from the alleged unlawful copying of the "Sellos & Comprobantes" Online System and its components, which includes all of the designs of printable materials created, designed and engineered by OPG in the last eight (8) years and OPG's demand that they be provided with prompt written assurance within ten (10) days that PRTD will cease and desist from further infringing OPG's copyrighted works; as well as the potential threat of immediate litigation which would affect the operation of the PRTD's online sale and distribution of internal revenue stamps and vouchers. Given the foregoing, Plaintiff seeks relief from this Court.

41.     Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by OPG Technology Corp. for the design, development and distribution of the software "Sellos & Comprobantes" Online System and its components as well as any printable materials to be sold and/or distributed by PRTD and/or any of its prospective subcontractors.

### VIII.   THIRD CLAIM FOR RELIEF:
### (Breach of Contract)

42.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-41 inclusively as if

fully set forth herein.

43. Section 22.3 of the Final Agreement also provides that in the event that any books, manuals, films or other copyrightable material are produced in the course of or in connection with this Contract, the AGENT shall notify the DEPARTMENT.

44. Contrary to the express terms of the Final Agreement, OPG failed to notify the PRTD as to the copyrightable materials, to wit, the computer software and the graphic design, which they submitted to the U.S. Copyright Office for registration.

45. OPG failed to comply with the notice provisions of the Final Agreement and/or purposely withheld information regarding the submission of the computer software and the graphic design to the U.S. Copyright Office from the PRTD during the months when the Final Agreement was being negotiated so as to facilitate the phase out of OPG's services.

### IX. JURY DEMAND:

44. Plaintiff demands trial by jury pursuant to the provisions of FRCP 38.

### X. REQUEST FOR RELIEF:

**WHEREFORE**, Plaintiff seeks judgment awarding it the following relief:

(a) An order declaring that the alleged copyright(s) asserted by the Defendant in the form of software and a graphic design for internal revenue stamps and vouchers, are invalid and unenforceable;

(b) An order declaring that PRTD does not infringe any valid copyright owned by OPG Technology Corp. relating to the software "Sellos & Comprobantes" Online System and its components as well as any design, development and

(b) distribution of printable materials to be sold and/or distributed by PRTD and/or any of its prospective subcontractors;

(c) An order declaring that OPG Technology Corp. breached the terms and conditions of the Final Agreement executed between the PRTD and OPG on July 1, 2015, by failing to notify PRTD as to the copyrightable materials for the computer software and graphic design submitted to the U.S. Copyright Office and registered as TX 7-952-177 (computer software) and VA-1-977-284 (graphic design);

(d) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Provident; and

(e) An order awarding such other and further damages and/or relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on this 23rd day of December, 2015.

*S/LUIS R. ORTIZ SEGURA*
**LUIS R. ORTIZ SEGURA**
USDC BAR NUMBER 201609

*S/JEANNETTE LOPEZ DE VICTORIA*
**JEANNETTE LOPEZ DE VICTORIA**
USDC BAR NUMBER 205101

**PINTO-LUGO, OLIVERAS & ORTIZ, PSC**
P.O. Box 9024098
San Juan, PR  00902-4098
Telephone: (787) 724-8103
Facsimile:  (787) 724-8152
E-Mail: l.ortizsegura@ploolaw.com,
hoeman1959@live.com