**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **COMMONWEALTH OF PUERTO RICO TREASURY DEPARTMENT,** | **CIVIL NO. 15-3125 (JAG)** |
| **PLAINTIFF** | |
| **vs.** | |
| **OPG TECHNOLOGY CORP.,** | |
| **DEFENDANT** | |

**URGENT MOTION FOR A THRESHOLD HEARING AND/OR DETERMINATION
REGARDING OPG'S PURPORTED EXPERT BARBARA FRDERICKSEN-CROSS**

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiff/Counter-defendant, Commonwealth of Puerto Rico Treasury Department (hereinafter "PRTD" or "Plaintiff" or "Counter-Defendant"), through the undersigned attorney, and very respectfully states, alleges and prays as follows:

1.     By way of an Order entered on June 27, 2016, this Honorable Court through Mag. McGivern, denied OPG's motion to continue the preliminary injunction hearing, and entered an order requiring OPG Technology Corp., hereinafter "OPG" to produce their expert report on July 8, 2016. Additionally, as per said order, PRTD was granted a mere fourteen days to notify their responding expert report. (Refer to Docket Entry 112).

2.     In compliance with said Order, during the afternoon of July 8, 2016, OPG for the first time notified the FRCP 26 mandatory disclosures for their purported expert Barbara

1

Frederiksen-Cross, who upon information and belief has experience in the computer software industry. Mrs. Frederiksen-Cross' report was also notified at that time.

3.      Mrs. Frederiksen-Cross offers broad and unsupported opinions going to the heart of the copyright infringement claims in this case.  As shown in Mrs. Frederiksen-Cross' Curriculum Vitae, which is attached hereto and marked as Exhibit 1, her purported expertise concerns computer source code.  Here, however, she offers sweeping opinions concerning the alleged infringement of OPG's asserted software copyright without even analyzing the PTRD's allegedly infringing code.  Rather, she premises the entirety of her infringement analysis on a review of handpicked "screens" for both software programs to reach the unsupported conclusion that OPG's software was somehow "copied"[1].  Such an analysis is methodologically improper[2]. Even more troubling, Mrs. Frederiksen-Cross proffers graphic

---

[1]      The undersigned will be filing a motion to preclude the entirety of Mrs. Frederiksen-Cross' opinions based on Daubert. This motion has not been previously filed inasmuch as after the notification of OPG's report on July 7, 2016, the undersigned traveled to Cleveland, Ohio for meetings and depositions in another case, and did not return to Puerto Rico until late last week. It is anticipated that PRTD's motion to exclude Mrs. Frederiksen-Cross will be within the next few days.

[2]      To prevail on a copyright infringement claim, a party such as OPG alleging copyright infringement has the burden of proving two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." **Situation Mgmt. Sys., Inc. v. ASP. Consulting LLC**, 560 F.3d 53, 58 (1st Cir.2009) (quoting **Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.**, 499 U.S. 340, 360 (1991)). To prevail on its copyright infringement claim, OPG must also show that PRTD copied the copyrightable elements of OPG's software. As the First Circuit observed in **Lotus Dev. Corp. v. Borland Int'l, Inc.**, 49 F.3d 807 (1st Cir.1995), there are two ways in which a plaintiff may proceed in satisfying the second prong of **Feist**:

> [The plaintiff] may either present direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that the court may infer that there was factual copying (i.e., probative similarity). The plaintiff must then prove that the copyrighting of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar. **Lotus**, 49 F.3d at 813 (internal citations omitted).

Application of this standard in the computer software field requires several steps. First, a distinction must be drawn between "literal" and "non-literal" copying. Id.; see also **Computer Assocs.**

design related "opinions" concerning the alleged infringement of OPG's other asserted copyright in this case.

5.      PRTD is severely prejudiced by OPG's purported expert opinion, the expedited production of its own expert report and the very tight preliminary injunction schedule. As a practical matter, OPG has been allowed almost two months, to change experts, and produce an expert report, whereas PRTD is expected to do the same within a mere fourteen days.

6.      Mrs. Frederiksen-Cross' "opinions" have glaring flaws both from a methodological and qualifications perspective. By the same token, PRTD has been given virtually no time to address the fundamental flaws with Mrs. Frederiksen-Cross' broad "opinions", to depose Mrs. Frederiksen-Cross' and/or to properly prepare a challenge to the admissibility of her opinions.  Moreover, the fact that Mrs. Frederiksen-Cross' "opinions" go far beyond the purported area of her expertise is highly prejudicial to PRTD, which had

---

**Int'l, Inc. v. Altai, Inc**., 982 F.2d 693, 701-702 (2d Cir.1992) (Walker, J.). "Literal" copying is the verbatim copying of original expression, while "non-literal" copying is that which is paraphrased, or loosely paraphrased. **Lotus**, 49 F.3d at 814. This distinction has been extended to embrace different aspects of software programs. The actual source and object codes of a software program generally constitute the "literal" elements of a software program. **Altai**, 982 F.2d at 702. "Non-literal" elements of a software program include its structure and fundamental essence. *Id.* at 701. This distinction reflects the idea that the non-literal copying of the source code is manifested by or through the non-literal elements. In addition:

> It is important to differentiate between both literal and nonliteral copying, as well as between literal and nonliteral elements of a computer program. The latter use of the terms 'literal' and 'non-literal' is as terms of art, whereas the former is not. However, courts unfortunately often fail to distinguish between the two, or simply mischaracterize what is at issue in a certain case. **MiTek Holdings, Inc. v. Arce Eng'g Co., Inc**., 89 F.3d 1548, 1556 n. 16 (11th Cir. 1996).

anticipated that, her "opinions" would logically and reasonably be circumscribed to the area of software infringement, which is the area of her expertise.

7.      Furthermore, as it relates to OPG, as the party which has the burden of establishing the various stringent elements for the issuance of a preliminary injunction[3], it is highly doubtful, if not improbable, that OPG will be able to prevail on the merits of its infringement case, since the purported "opinions" of Mrs. Frederiksen-Cross are so flawed, and/or lacking in fundamental methodology and/or technical expertise, that they are not in any way probative of the alleged infringement. Consequently, it is PRTD's position that since OPG will be unable to establish the likelihood of success on the merits of its copyright infringement claims, it must necessarily fail in its quest for preliminary injunctive relief.  (... the party seeking the injunction bears the burden of demonstrating each factor." Id. (citing **Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70**, 415 U.S. 423, 441 (1974)). "The first two factors -- likelihood of success on the merits and irreparable harm -- are threshold issues; a movant who is unable to demonstrate either must

---

[3]      A preliminary injunction is an exceptional remedy that should be granted only in the very limited situation where the moving party has satisfied the most stringent evidentiary and legal prerequisites.  "It is well-settled that, when considering a motion for a preliminary injunction, a district court must weigh four factors: (1) the movant's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the movants (i.e., a balancing of the equities); and (4) the effect, if any, on the public interest."  **Max-Planck Gesellschaft zur Forderung der Wissenschaften E.V. v. Whitehead Inst. for Biomedical Research**, 650 F. Supp. 2d 114, 121 (D. Mass. 2009) (citing **United States v. Weikert**, 504 F.3d 1, 5 (1st Cir.  2007)). "A preliminary injunction is a 'potent weapon.'"  Id. (citing **Charlesbank Equity Fund II v. Blinds To Go, Inc**., 370 F.3d 151, 163 (1st Cir. 2004)). "Therefore, the party seeking the injunction bears the burden of demonstrating each factor." Id. (citing **Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70**, 415 U.S. 423, 441 (1974)). "The first two factors -- likelihood of success on the merits and irreparable harm -- are threshold issues; a movant who is unable to demonstrate either must fail in his quest for preliminary injunctive relief."  Id. (citing **Weikert**, 504 F.3d at 5; **Ross-Simons of Warwick, Inc. v. Baccarat, Inc**., 217 F.3d 8, 13 (1st Cir. 2000) ("Irreparable harm is an essential prerequisite for a grant of injunctive relief.")).

fail in his quest for preliminary injunctive relief." Id. (citing **Weikert**, 504 F.3d at 5; **Ross-Simons of Warwick, Inc. v. Baccarat, Inc**., 217 F.3d 8, 13 (1st Cir. 2000)

8.     Given the aforementioned, PRTD respectfully requests that the issue of Mrs. Frederiksen-Cross' qualifications and methodology, and her possible preclusion as an expert be handled and resolved ***prior*** to the commencement of the preliminary injunction hearing so that the Court may determine as a threshold matter whether Mrs. Frederiksen-Cross' purported "opinions" and testimony will be allowed for purposes of the preliminary injunction hearing.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of the present motion and that the possible preclusion of Mrs. Frederiksen-Cross' as an expert witness be resolved ***prior*** to the commencement of the preliminary injunction hearing so that the Court may determine as a threshold matter whether Mrs. Frederiksen-Cross' purported "opinions" and testimony will be allowed for purposes of the preliminary injunction hearing.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will notify a copy of the same to all attorneys of record.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on this 19th day of July, 2016.

*S/JEANNETTE LOPEZ DE VICTORIA*
**JEANNETTE LOPEZ DE VICTORIA**
USDC BAR NUMBER 205101

**OLIVERAS & ORTIZ, PSC**
P.O. Box 9024098
San Juan, PR  00902-4098
Telephone: (787) 724-8103
Facsimile:  (787) 724-8152
E-Mail: hoeman1959@live.com